Mr. Kenneth H. Ashworth Commissioner Coordinating Board Texas College and University System P. O. Box 12788, Capitol Station Austin, Texas 78711
Re: Whether university construction project is exempt from a requirement of Coordinating Board approval where it is constructed partly from funds appropriated by House Bill No. 1 of 2nd Called Session, Sixty-seventh Legislature
Dear Mr. Ashworth:
You have requested our opinion as to whether certain funds may be expended for college construction without the approval of the Coordinating Board.
In Attorney General Opinion MW-519 (1982), we said that approval by the Coordinating Board is not required in order to expend any of the funds appropriated in House Bill No. 1, Acts 1982, Sixty-seventh Legislature, 2d Called Session, chapter 1, at 1. The pertinent portion of the appropriation provides:
 Section 1. In addition to sums previously appropriated, the following amounts are appropriated to the named institutions of higher education from the general revenue fund and other funds that may be specified for the purpose of constructing permanent improvements, acquisition of land, and major repair and rehabilitation projects as listed, and those projects or improvements are hereby authorized. Those institutions for which new construction only is authorized may use appropriated funds for major repair and rehabilitation.
There follow specific appropriations for seventeen named institutions, together with details regarding the purpose of the expenditures. The first two appropriations, for example, provide as follows:
1. The University of Texas at Arlington
New Construction:
a. Thermal Energy Plant
b. Architecture Building
c. Engineering Building
Major Repairs and Rehabilitation:
d. Renovation of Cooper Center
TOTAL APPROPRIATION $25,000,000
2. Texas Tech University
New Construction:
a. Library Basement Alterations for Computer Center
b. South Utilities Tunnel Interconnect
c. Completion of Subbasement in Art Building
Major Repairs and Rehabilitation
d. Industrial Engineering Building
e. Civil and Mechanical Engineering Building
TOTAL APPROPRIATION $5,900,000
Section 2 of House Bill No. 1 then states:
 Funds appropriated in this Act may be expended only after the advance approval of the Coordinating Board, Texas College and University System, in accordance with the statutory responsibilities of the board. A project shall not be initiated until the governing board of the institution has determined that there are sufficient funds available to complete the project. (Emphasis added).
Attorney General Opinion MW-519 (1982) held that section61.058 of the Education Code obviated the need for Coordinating Board approval in the situation presented there. That statute provides, in pertinent part:
 To assure efficient use of construction funds and the orderly development of physical plants to accommodate projected college student enrollments, the board shall:
. . . .
 (8) approve or disapprove all new construction and repair and rehabilitation of all building and facilities at institutions of higher education financed from any source other than ad valorem tax receipts of the public junior colleges, provided that:
. . . .
 (D) the requirement of approval or disapproval by the board does not apply to any new construction or major repair and rehabilitation project that is specifically approved by the legislature.
Since the legislature in House Bill No. 1 has specifically approved each of the `new construction' and `major repair and rehabilitation' projects funded by that statute, Attorney General Opinion MW-519 (1982) concluded that Coordinating Board approval is not required for any of the projects. You now ask whether approval is required where funding for the projects is derived in whole or in part from non appropriated funds.
Section 61.058(D) provides that Coordinating Board approval is not necessary for any `project that is specifically approved by the legislature.' (Emphasis added). As we have noted, section 1 of House Bill No. 1 declares that `those projects or improvements are hereby authorized.' The Supreme Court has held that a rider which authorizes a university to acquire and construct various projects is not an `item of appropriation,' and therefore, is not subject to veto by the governor. Jessen Associates, Inc. v. Bullock, 531 S.W.2d 593, 599
(Tex. 1975). We conclude that the terms of House Bill No. 1 itself authorize the particular `projects' referred to therein and that, as a result, section 61.058(D) precludes the necessity of Coordinating Board approval in those instances.
 SUMMARY
Approval by the Coordinating Board of the Texas College and University System is not required for any project authorized in House Bill No. 1, Acts 1982, Sixty-seventh Legislature, 2d Called Session, chapter 1, at 1, for `new construction' and `major repairs and rehabilitation' at any of seventeen named institutions of higher education, regardless of the source of funding of any such project.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Rick Gilpin Assistant Attorney General